IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Action No. 06-cv-00805-LTB
Civil Action No. 06-mc-00017-LTB

JOHN DOES I - V

    Plaintiffs,

v.

MOISES RODRIGUEZ, individually, and in his official capacity,
MARIA RODRIGUEZ, individually, and in his official capacity,
ANDREW L. GRANT, individually, and in his official capacity, and
GRANT FAMILY FARMS, INC, a Colorado corporation

    Defendants.

_____

**Order**
_____

Plaintiffs are migrant farm workers who seek leave to file this civil action anonymously, contending that they are at risk of retaliation by defendants as a result of these claims for violations of federal and state law in relation to plaintiff's forced farm labor, and also for their role in the criminal prosecution of some of the defendants. Defendant Andrew Grant ("Grant") opposes this motion, and plaintiffs have moved to strike Grant's opposition because it was not timely filed. For the reasons stated below, plaintiffs' motion to strike is GRANTED, and plaintiffs' motion to file anonymously is GRANTED.

## I.  BACKGROUND

Plaintiffs are Mexican nationals brought to this country illegally and surreptitiously by defendants Moises Rodriguez, to perform farm labor in Colorado, principally but not exclusively

at the Grant Family Farm in Hudson, Colorado. Grant is the owner, sole shareholder and registered agent of the Grant Family Farms. Plaintiffs allege that they were held in virtual imprisonment at a farm labor compound operated by Moises and Maria Rodriguez ("the contractor defendants"), that they were paid below the rates required by federal law, that the contractor defendants made numerous illegal deductions from their pay checks and that they were physically intimidated and prevented from leaving the compound.

Plaintiffs did escape from the compound in August of 2004, and reported their situation to law enforcement officials. The U.S. government initiated a criminal investigation that led to the indictment, conviction and sentencing of Moises and Maria Rodriguez, as well as other defendants not party to this action, for transporting and harboring of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (iii). The plaintiffs assisted with and served as unidentified government witnesses in that case. On April 26, 2006, plaintiffs filed a complaint making claims against the defendants, variously, for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* the Migrant Seasonal Agricultural Worker Protection Act ("AWPA"), 29 U.S.C. § 1801 *et seq.,* the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et sew.,* the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §§ 1589 & 1590, and for unjust enrichment. Prior to filing this complaint, on April 19, 2006, plaintiffs filed a motion seeking leave to proceed anonymously. Grant filed his opposition to this motion January 8, 2007. Plaintiffs then filed a motion to strike Grant's response as untimely.

This Order will address plaintiffs' motion to strike and plaintiffs' underlying motion to file anonymously.

## II.  DISCUSSION

A.  <u>Motion to Strike</u>

I first must resolve the parties' skirmish over the timeliness of Grant's opposition to plaintiffs' motion. Plaintiffs argue that Grant waited nearly nine months to oppose their motion to proceed anonymously, which is outside of the 20-day time limit for a response to motions prescribed under D.C.COLO.LCivR 7.1(A). Grant responds that his response is not untimely because plaintiffs' motion did not include Certificate of Process, as required by D.C.COLO.LCivR 5.1(F). Grant contends that the time limits of the local rules do not apply to motions that do not contain a Certificate of Service. Grant argues additionally that the parties, in informal settlement discussions, agreed to extend the time available to file motions.

I find Grant's arguments unpersuasive. D.C.COLOLCivR 6.1(E) states explicitly that informal agreements among parties to the extend time limits of the local rules or the Federal Rules of Civil Procedure will not "be recognized or enforced." More important, while Grant is correct that plaintiffs' motion did not contain a Certificate of Process, the record shows that plaintiffs filed their original complaint April 26, 2006 and that Grant was personally served with this complaint on August 21, 2006. The first paragraph of the complaint states: "Due to the sensitive nature of this case, and the heightened privacy interests involved, plaintiffs are seeking leave to proceed anonymously, the subject of a pending motion." There is therefore no question that Grant was aware of plaintiffs' intent to proceed anonymously no later than August 21, 2006, almost five months before filing his response January 8, 2007. Also, the Grant Family Farms filed Advice of Bankruptcy May 4, 2006, indicating Grant's awareness of the complaint at that time.

Significantly, Grant does not argue that he was unaware of plaintiffs' pending motion; he

3

argues only that the absence of Certificate of Process nullifies the time requirements of the local rules. In support of this argument, Grant cites two cases from other jurisdictions where courts struck motions filed without Certificate of Process, but allowed the motions to be re-filed shortly thereafter. *See U.S. v. Davis,* Nos. CR. C-03-94, C.A. C-05-490, 2006 WL 1006527 at *1 (S.D. Tex. April 13, 2006), and *Coffin v. Ingersoll,* No. CIV. A. 91-6771, 1993 WL 208806 at *6 n.3 (E.D. Pa. June 11. 1993). Neither case addresses Grant's argument that failure to provide Certificate of Process tolls the deadlines for responses to motions when the opposing party is actually aware of the motion.

Accordingly, I conclude that Grant failed to respond within the time-line of the local rules, and plaintiffs' motion to strike is granted.

B.   <u>Motion to Proceed Anonymously</u>

In an abundance of caution, I also consider the merits of plaintiffs' motion to proceed anonymously. "Proceeding by pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun,* 227 F.3d 1244, 1246 (10th Cir. 2000). While the Federal Rules of Civil Procedure require that all pleadings contain the names of the parties and identify the real parties at interest, "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Id.* These exceptional circumstances include "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.*

The crux of plaintiffs' argument for anonymity concerns the possibility that the contractor defendants in this case, who were also defendants in the criminal case, will retaliate against them for their role in initiating and pursuing the criminal investigation, as well as for bringing these civil

claims. The criminal case is now completed and defendants Moises and Maria Rodriguez were deported to Mexico October 2, 2006. Their son, criminal defendant Javier Rodriguez, was sentenced to six months of in-home detention. Records from the criminal case show that firearms were found at the home of Javier Rodriguez. The plaintiffs provide an affidavit from a paralegal at Colorado Legal Services who overheard family members of the defendants, at the Arraignment and Detention hearing, make threatening comments about the plaintiffs. Moreover, the allegations in the civil complaint include allegations of violence and coercion by the contractor defendants against the plaintiffs. Cumulatively, this evidence is sufficient to raise a serious concern that the plaintiffs here are at significant risk of retaliation.

Grant contends that plaintiffs do not allege that he has personally made any threats against them. However, plaintiffs do allege that the contractor defendants had a long standing business relationship with Grant. At this stage of the case, the details of this relationship are insufficiently developed to reach any conclusion about Grant's ties to the contractor defendants. Grant also argues that the threat to the plaintiffs is no longer present now that the criminal case has been concluded and the defendants have been sentenced. However, while intimidation to prevent plaintiffs from testifying is no longer at issue, plaintiffs have presented credible evidence that the contractor defendants or their agents may engage in retaliation against the plaintiffs for their role in the criminal proceedings or for their role in this civil case.

Accordingly, I find and conclude that the issues raised by the plaintiffs are sufficient to overcome the presumption in favor of open judicial proceedings. I grant plaintiffs' motion, for the present. No scheduling order has been issued in this case, and discovery has not yet begun. I am sympathetic to Grant's argument that allowing plaintiffs to appear anonymously will hinder his

ability to conduct discovery and pursue his own defense. I note that plaintiffs have stated their willingness to appear at depositions, to speak with opposing counsel, and to otherwise exchange information, provided their anonymity is protected. If Grant, at the appropriate time, believes that plaintiffs' anonymity unduly hampers the defense of his case, he may file a motion to protect his rights accordingly.

Plaintiffs' motion to proceed anonymously was originally docketed as Case Number 06-0017, while Plaintiffs' complaint was docketed as Case Number 06-0805. The parties have filed their subsequent motions, responses and replies in both cases. To avoid confusion, I will identify each motion below by its docket number in each case, and I will dispose entirely of Case Number 06-0017, so that all remaining actions in this case shall be filed under 06-0805.

It is so Ordered that:

1) Plaintiffs' Motion to Strike (06-0805 Docket # 11 and 06-0017 Docket # 4) is GRANTED,

2) Plaintiffs' Motion Seeking Leave to Proceed Anonymously (06-0017 Docket #1) is GRANTED, in that:

    a) plaintiffs may file their civil complaint anonymously,

    b) plaintiffs may withhold their names and addresses from defendants,

    c) the public is excluded from any court proceedings where the plaintiffs make a personal appearance.

3) Case No. 06-0017 is DISMISSED and all further filings in this action shall be in Case No. 06-0805.

DONE and ORDERED, this   2nd   day of March, 2007 at Denver, Colorado.

                                               s/Lewis T. Babcock

                                               United States District Chief Judge